USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/14/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NICHOLAS PADAO, et al., on behalf of themselves and others similarly situated,

Plaintiffs,

v.

AMERICAN EXPRESS NATIONAL BANK,

Defendant.

Civil Action No.: 1:25-cv-10793-VEC

**STIPULATED PROTECTIVE ORDER**

Plaintiffs Nicholas Padao, Robert Uyematsu, James Hamilton, Jr., Sean McMackin, and Jason O'Brien (individually and on behalf of a class of similarly situated persons) and Defendant American Express National Bank (collectively, the "parties") acknowledge that, through discovery, the above-captioned action (the "Litigation") is likely to involve the production of confidential, proprietary, and/or private matter for which special protection is warranted ("Confidential Matter"). In addition, Defendant may possess documents that are responsive to Plaintiffs' requests in this Litigation which may contain non-public Office of the Comptroller of the Currency ("OCC") information some but not all of which may constitute Confidential Supervisory Information ("CSI") under 12 C.F.R. Part 4, be protected by the bank examination privilege, or otherwise be protected from disclosure under applicable law.

Accordingly, the parties hereby enter into this Stipulated Protective Order (the "Order") in connection with this Litigation and agree as follows:

**SCOPE**

1. The protections conferred by this Order cover Confidential Matter designated by the parties and non-parties under the terms of this Order. Additional protections conferred by this Order apply only to non-public OCC information, a subset of Confidential Matter. With respect to non-public OCC information, should the terms of this Order governing confidential matter conflict

with those governing non-public OCC information, the terms specific to non-public OCC information will govern. All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal designated confidential matter are themselves deemed to constitute confidential matter of the same type whether or not marked or designated as such.

**DESIGNATING PROTECTED MATTER**

2. Any party or non-party may designate as “Confidential” any document, response to discovery, or any other information that is not in the public domain and that the producing party or non-party believes in good faith to contain trade secrets or confidential product development, regulatory examinations, supervisory communications, business, matters related to company mergers and acquisitions, financial, strategic planning, security, sales or pricing data, company policies and procedures, internal communications regarding confidential or sensitive business information, past, current, or future non-public competitive information, employee training materials, or any other sensitive business or commercial information including consumer financial information, personal or sensitive information pertaining to any debtors (including Plaintiff) and their family members, the dissemination of which is generally protected in the normal course of its business.

3. Any party or non-party may designate as “Highly Confidential” any Confidential document, response to discovery, or any other matter, the disclosure of which the party or non-party believes in good faith would create substantial risk of competitive, commercial, regulatory, supervisory, operational, consumer privacy, or security harm and, therefore, warrants the additional protection afforded under this Order for Highly Confidential matter.

4. A party or non-party designating matter as Confidential or Highly Confidential shall make a good faith determination that any matter designated as Confidential or Highly

Confidential warrants protection hereunder. Designations shall be made by stamping each designated page, if practicable, or otherwise by stamping the title page, CD, DVD, hard drive, or other medium containing such designated matter; or as otherwise set forth herein.

5. Any copies or reproductions, summaries, or other documents or media (*e.g.*, electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in non-confidential general terms) Confidential or Highly Confidential matter shall also be treated by the receiving party as Confidential or Highly Confidential matter under this Order.

6. Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this Litigation shall be treated as Highly Confidential for a period of forty-five (45) days,[1] or such different number of days as the parties may agree, after receipt of such deposition transcript and/or video recordings, to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential or Highly Confidential matter. A party or non-party may designate in writing, within forty-five (45) days after receipt of the deposition transcript or video recording for which the designation is made, or such different number of days as the parties may agree, those pages of the transcript or portions of the recording to be treated as Confidential or Highly Confidential. A party or non-party may also designate matter disclosed during a deposition as Confidential or Highly Confidential by so indicating on the record during the deposition. Any other party to the Litigation may object to such designation on the record; a failure to do so, however, will not constitute a waiver of the objection. After any designation made according to the procedure set forth in this paragraph, the designated matter shall be treated according to the designation until any dispute is resolved according to the procedures described in paragraphs 14 and 15 below.

---

[1] Unless otherwise specified, time periods herein refer to calendar days.

7. Any party may designate as Confidential or Highly Confidential matter produced by a party other than the designating party or a non-party if there is a good-faith basis for believing that the non-party or party other than the designating party has an obligation to maintain such materials as confidential, by providing written notice to all parties of the relevant Bates numbers or other identification within thirty (30) days after receiving such matter.

8. Inadvertent production of or failure to designate any matter as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such matter, and the producing party or non-party may thereafter designate such matter as Confidential or Highly Confidential within fifteen (15) days of the discovery of the inadvertent production or failure to designate.

**ACCESS TO AND USE OF PROTECTED MATTER**

9. All Confidential or Highly Confidential matter produced or exchanged in the course of the Litigation shall be treated by the parties under the terms of this Order and used solely for purposes of the prosecuting, defending, or resolving this Litigation, including any appeal. Under no circumstances shall Confidential or Highly Confidential matter be used for any other reason—*e.g.*, for any business, commercial, competitive or personal purposes, or for any litigation other than this Litigation.

10. Absent the prior written consent of the parties, or upon prior order of this Court obtained following notice to opposing counsel, Confidential matter (including any copies of, notes made from, or information contained in Confidential matter) shall be disclosed only to the following persons:

a. The Court, including court personnel.

b. Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions, hearings, and proceedings.

c. Any mediator selected by the parties to the Litigation or the Court to mediate the Litigation.

d. The attorneys of record in the Litigation, including the respective employees and personnel retained by such attorneys and/or their law firms to whom it is necessary to disclose such matter in furtherance of the prosecution or defense of the Litigation, such as associates, litigation assistants, paralegals, secretarial, or other clerical personnel.

e. In-house counsel for Defendant, including legal assistants and other legal and clerical staff, to whom it is necessary to disclose such matter in furtherance of the defense of the Litigation.

f. Vendors retained to assist in the Litigation by an attorney described in subparagraph (d) of this paragraph including, but not limited to, copying and reproduction services, provided that an authorized representative of the vendor signs the "Corporate Acknowledgment And Agreement To Be Bound" attached as Exhibit 1 to this Order before being shown Confidential matter, and provided further that the vendor does not retain any copies of any Confidential matter.

g. Authors, originators, or original recipients of the matter, as specifically reflected on the face of the matter.

h. Present employees, officers, and directors of the party or non-producing party producing the Confidential matter.

i. Other party and potential non-party witnesses during preparation for deposition, testimony, or trial to whom disclosure is deemed reasonably necessary by counsel for the prosecution or defense of the Litigation, provided the witness signs the "Individual Acknowledgment And Agreement To Be Bound" attached as Exhibit 2 to this

Order before being shown Confidential matter, and provided the witness does not retain any copies of any Confidential matter. In the event a witness refuses to sign the "Individual Acknowledgment And Agreement To Be Bound," he or she may be shown Confidential matter only at a deposition after, on the record of the deposition, stating such refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this Litigation, you may not disclose in any manner any Confidential matter to any person or entity except in strict compliance with the provisions of this Order. If you violate this Order, you may be subject to sanctions and punishment by the Court."

j. Experts or consultants (whether testifying or non-testifying) retained by a party or counsel to the Litigation who are not, at the time of retention, employed by any party, provided the experts or consultants sign the "Individual Acknowledgment And Agreement To Be Bound" attached as Exhibit 2 to this Order before being shown Confidential matter.

k. Parties to the Litigation.

The "Acknowledgments And Agreements To Be Bound," attached as Exhibits 1 and 2, that are required to be signed as provided in this paragraph and in the succeeding paragraph shall be retained by counsel for the party disclosing the Confidential matter and made available for inspection by the Court *in camera*, upon request by any party and a showing of good cause.

11. Except with the prior written consent of the other parties to the Litigation, or upon prior order of this Court obtained after notice to opposing counsel, Highly Confidential matter shall be treated in the same manner as Confidential matter under paragraph 10 above, except that it shall only be disclosed to persons described in categories (a) through (j). Notwithstanding the foregoing in this paragraph, if a specific document or deposition transcript or recording designated "Highly Confidential" explicitly mentions a particular named plaintiff in the Litigation and/or

addresses any aspects of that named plaintiff or any family members' account, account history, or account transactions or fees, that specific portion of the document or deposition transcript or recording may be shown to that particular named plaintiff.

12. Any persons receiving Confidential or Highly Confidential matter shall not reveal such matter to, or discuss such matter with, any person who is not entitled under this Order to receive such matter. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential or Highly Confidential matter to persons or counsel who are not authorized to use or possess such matter, the party shall (a) provide immediate written notice of the disclosure to the producing party, and, if different, to the designating party and the party whose matter was inadvertently disclosed; (b) use its best efforts to retrieve all copies of the inadvertently disclosed matter; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons sign the "Individual Acknowledgment And Agreement To Be Bound" attached as Exhibit 2 to this Order. If a party or any of its representatives, including counsel, has actual knowledge that Confidential or Highly Confidential matter is being used or possessed by a person not authorized to use or possess that matter, regardless of how the matter was disclosed or obtained by such person, the party or its representative shall provide immediate written notice of the unauthorized use or possession to the party or non-party whose matter is being used or possessed.

**PROTECTED MATTER SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

13. If a court or government agency subpoenas or orders production of Confidential or Highly Confidential matter from a party to the Litigation, such party shall immediately (no more than seven (7) days after receiving actual notice of the subpoena or order and at least two (2) business days before any requested compliance), notify counsel for the party or non-party that produced or designated the matter of the pendency of such subpoena or order and shall furnish

counsel with a copy of said subpoena or order. Such party shall also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the matter covered by the subpoena or order is subject to this Order. Such party shall not produce the Confidential or Highly Confidential matter if the designating party timely applies for a protective order for such Confidential or Highly Confidential matter or otherwise takes timely, appropriate steps to protect the material. It shall be the responsibility of the designating party to obtain relief from the subpoena, public records request, or order prior to the due date of compliance. To give the designating party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request, or order. Unless otherwise ordered by a court of competent jurisdiction, materials designated as Confidential or Highly Confidential shall be treated as information that is not subject to disclosure pursuant to the Freedom of Information Act. Nothing in this Order requires or is meant to permit a party to disobey a lawful directive from a court.

**CHALLENGING CONFIDENTIALITY DESIGNATIONS**

14. If a party contends that any matter is not entitled to confidential treatment, the following procedures apply:

a. Timing Of Challenges. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. Meet And Confer. A party that wishes to challenge a confidentiality designation must do so in good faith and by conferring directly, either by telephone, video conference, or in person, with the designating party. A request by the challenging party to

meet and confer must be honored by the designating party within five (5) business days of the request being made. In conferring, the challenging party must identify the matter that is subject to the challenge, the basis for its belief that the confidentiality designation was not proper, and give the designating party a reasonable opportunity to review the designated matter, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation. Unless otherwise agreed, a response to any challenged designation must be received within ten (10) business days of the meet and confer between counsel; such response may be provided by telephone, e-mail, letter, or in person.

c. Judicial Intervention. Should the parties be unable to agree on the challenged designation, the party wishing to challenge a Confidential or Highly Confidential designation may move for judicial relief in accordance the procedures set forth in Local Civil Rule 37.2 for discovery disputes, as modified by the Court's order at ECF No. 128, p. 2. The burden of persuasion for the Court's determination shall be on the party or non-party that has designated matter as Confidential or Highly Confidential.

15. Notwithstanding any challenge concerning the designation of matter as Confidential or Highly Confidential, all matter shall continue to be treated as designated and shall be subject to the provisions hereof unless and until one of the following occurs:

a. The party or non-party who claims that the matter is Confidential or Highly Confidential withdraws or changes such designation in writing; or

b. The Court rules that the matter is not entitled to protection as Confidential or Highly Confidential matter.

**DURATION**

16. All provisions of this Order restricting the communication or use of Confidential or Highly Confidential matter shall continue to be binding after the conclusion of the Litigation (including any appellate review), until a designating party agrees otherwise in writing or a court order otherwise directs. Upon conclusion of the Litigation, a party in the possession of Confidential or Highly Confidential matter, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either: (a) return such matter no later than sixty (60) days after conclusion of the Litigation to counsel for the producing party who provided such matter; (b) at the expense of the receiving party, destroy such matter upon consent of the producing party who provided the matter and certify in writing within sixty (60) days that the matter has been destroyed; or (c) dispose of the matter in some other manner upon written agreement by the parties.

**INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATTER**

17. Nothing herein shall be deemed to waive, limit, or expand any applicable privilege—including but not limited to the attorney-client privilege and, the bank examination privilege—or work-product or other protection, including CSI protections under applicable OCC regulations and any other governmental confidentiality restrictions, or to affect the ability of a party to seek relief for an inadvertent disclosure of matter protected by privilege or work product protection. If a party inadvertently produces matter that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that matter will not be presumed to constitute a waiver of any applicable privileges or other protection, provided the producing party complies with this Order.

18. In such circumstances, the producing party must, upon discovery of the inadvertent production, promptly notify in writing all parties to the Litigation in which the matter was inadvertently produced of the inadvertent production and the basis for the privilege or other

protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter.

19. Upon such notification, the parties shall sequester and treat the matter as privileged or protected unless and until the parties agree otherwise or the Court determines that the matter is not privileged or protected. Within ten (10) business days of receiving such notification, all receiving parties shall: (a) return the matter to the producing party; (b) confirm in writing to the producing party the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate, or reveal matter claimed to be privileged or protected; or (c) notify the producing party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the latter event only, the receiving party or parties may retain one copy of the matter asserted to be privileged or protected for the sole purpose of responding to a motion by the producing party to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such matter and all other documents or records that include, communicate, or reveal matter claimed to be privileged or protected. Should the parties be unable to agree on whether the matter is privileged or protected, the producing party shall within thirty (30) days, jointly with the other party, call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. Consistent with the Court's order at ECF No. 128 regarding discovery disputes, the Court will determine during the teleconference whether additional submissions will be required.

**FILING PROTECTED MATTER**

20. Before filing any Confidential or Highly Confidential material with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel for the party wishing to file such material (for the purposes of this paragraph the "filing party") shall confer with counsel for the designating party about how the Confidential or Highly Confidential material

and/or information disclosing Confidential or Highly Confidential material should be filed. If the designating party reasonably believes the material should be under seal it shall notify the filing party, and the filing party shall submit the material for filing under seal in accordance with the Court's Individual Practices (Revised: March 17, 2025), Rule 5. Pursuant to the Court's Individual Practices, Rule 5, within ten (10) days of service of such notice, the designating party shall file with the Court a letter motion requesting the sealing. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the designating party does not timely file a letter motion to seal, then the Confidential or Highly Confidential material and/or information disclosing Confidential or Highly Confidential material will be deemed unsealed, without need for order of the Court.

**MISCELLANEOUS**

21. The provisions of this Order may be modified with respect to the Litigation at any time by stipulation of the parties to the Litigation and approval by order of the Court, or upon motion by a party for good cause shown.

22. The Parties hereto agree that, if necessary, an injunction may be issued to prevent violations of this Order. The agreement to injunctive relief does not preclude a Party from also obtaining damages that reasonably arise from a breach of this Stipulation and Order.

23. Nothing in this Order shall affect the right of any party or non-party to oppose any request for discovery on any ground permitted by the Federal Rules of Civil Procedure or other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground. Similarly, no party waives any right to object on any ground to the use in evidence of any of the matter covered by this Order.

24. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular matter, or to seek modification of this Order upon due notice to all other parties and affected non-parties. Without limitation, nothing in this Order shall require production or authorize withholding of material protected by the bank examination privilege, CSI under 12 C.F.R. Part 4, information subject to 12 C.F.R. Part 4, Subpart C, or any information whose disclosure requires OCC authorization or approval.

25. Nothing in this Order is intended to increase or to limit any preexisting duty of confidentiality, pursuant to contract or otherwise, that a party or non-party may owe each other with respect to any matter.

**SUPPLEMENTAL TERMS APPLICABLE TO NON-PUBLIC OCC INFORMATION**

26. To the extent Defendant produces non-public OCC information in this Litigation, any such production shall be subject to the protections applicable to Highly Confidential information under this Order, together with the additional protections set forth in paragraphs 26 through 32 below, provided that Defendant marks such material "Highly Confidential-OCC." Nothing in this Order allows Defendant to withhold or requires Defendant to produce CSI, information protected by the bank examination privilege, or any other information protected from disclosure under applicable law, nor shall this Order be construed as a waiver or endorsement of any privilege, protection, or objection. Production of non-public OCC information pursuant to this Order shall not constitute a waiver of any privilege, confidentiality protection, or restriction on further disclosure applicable to such information outside this Litigation.

27. The persons authorized to receive Highly Confidential information under this Order shall keep such records and any information contained in such records confidential and shall in no way divulge the same to any person or entity, except to such experts, consultants, and non-party

witnesses to whom the records and their contents shall be disclosed, solely for the purpose of properly preparing for and trying or settling the action.

28. No person to whom information and records covered by this Order are disclosed shall make any copies or otherwise use such information or records or their contents for any purpose whatsoever, except in connection with this action.

29. Any party or other person who wishes to use the information or records or their contents in any other action shall make a separate application to the Comptroller pursuant to 12 C.F.R. part 4, Subpart C. Nothing herein shall limit Defendant's ability to object to such application.

30. Should any OCC information or records covered by this Order be filed with the Court or utilized as exhibits at depositions in the captioned action, or should information or records or their contents covered by this Order be disclosed in the transcripts of depositions or the trial in the captioned action, such records, exhibits and transcripts shall be filed in sealed envelopes or other sealed containers marked with the title of this action, identifying each document and article therein and bearing a statement substantially in the following form:

CONFIDENTIAL

> Pursuant to the Order of the Court dated ______ this envelope containing the above-identified papers filed by (the name of the party) is not to be opened nor the contents thereof displayed or revealed except to the parties to this action or their counsel or by further Order of the Court.

31. Any party offering any of the records into evidence in a jury trial shall offer only those pages, or portions thereof, that are relevant and material to the issues to be decided in the action and shall block out any portion of any page that contains information not relevant or material. Furthermore, the name of any person or entity contained on any page of the records who

is not a party to this action, or whose name is not otherwise relevant or material to the action, shall be blocked out prior to the admission of such page into evidence. Any disagreement regarding what portion of any page that should be blocked out in this manner shall be resolved by the Court in camera, and the Court shall decide its admissibility into evidence.

32. At the conclusion of this action, all parties shall certify to the Comptroller that the records covered by this Order have been destroyed. Furthermore, counsel for Defendant, pursuant to 12 CFR 4.39(c), shall retrieve any records covered by this Order that may have been filed with the Court. Nothing in this paragraph shall require destruction or return of attorney work product, pleadings, deposition transcripts, exhibits admitted into evidence, or archival copies maintained in accordance with counsel's ordinary document-retention policies, provided such materials remain subject to this Order.

Dated: August 13, 2026

*/s/ Claire Tonry*

**SMITH & LOWNEY, PLLC**
Knoll D. Lowney, WSBA# 23457
Claire Tonry, WSBA# 44497
Alyssa Koepfgen, WSBA #46773
2317 E. John Street
Seattle, Washington 98112
Telephone: (206) 860-2883
Facsimile: (206) 860-4187
Knoll@smithandlowney.com
Claire@smithandlowney.com
Alyssa@smithandlowney.com

*Attorneys for Plaintiffs*
*and the Proposed Class*

Respectfully submitted,

*/s/ Benjamin Saul*

**STEPTOE LLP**
Benjamin Saul
Ashley Mullen
1114 Avenue of the Americas, 35th Fl.
New York, NY 10036
(212) 506-3900
bsaul@steptoe.com
amullen@steptoe.com

Julia B. Strickland
2029 Century Park East, Suite 980
Los Angeles, CA 90067-3086
(213) 439-9400
jstrickland@steptoe.com

*Attorneys for Defendant*
*American Express National Bank*

Dated: August 14, 2026

**SO ORDERED**

Valerie Caproni

The Honorable Valerie Caproni
United States District Judge

# EXHIBIT 1

## CORPORATE ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

**CORPORATE ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") issued by the United States District Court for the Southern District of New York on ______________________, 2026, in the action captioned *Padao, et. al. v. American Express National Bank*, Case 1:25-cv-10793-VEC (S.D.N.Y.) (the "Litigation"). I declare that I am an authorized representative of _____________________________________________ (the "Company"), and have the authority to bind the Company to the terms of the Order.

On behalf of the Company, I declare that the Company agrees to be bound by the terms of the Order, and I understand and acknowledge that the Company's failure to so comply could expose the Company to sanctions and punishment in the nature of contempt. I solemnly promise that the Company will not disclose in any manner any matter or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

For the purpose of enforcing the terms of the Order, I further agree that the Company submits to the jurisdiction of the United States District Court for the Southern District of New York, solely with respect to any action to enforce the terms of the Order, even if such enforcement proceedings occur after termination of the Litigation.

Date: ____________________________________________

Corporate Address: ____________________________________________

City and State Where
Sworn and Signed: ____________________________________________

Printed Name: ____________________________________________

Signature: ____________________________________________

# EXHIBIT 2

## INDIVIDUAL ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

**INDIVIDUAL ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _______________________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") issued by the United States District Court for the Southern District of New York on _______________________, 2026, in the action captioned *Padao, et. al. v. American Express National Bank*, Case 1:25-cv-10793-VEC (S.D.N.Y.) (the "Litigation"). I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that my failure to so comply could expose me to sanctions and punishment in the form of contempt. I solemnly promise that I will not disclose in any manner any matter or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

For the purpose of enforcing the terms of this Order, I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York, solely with respect to any action to enforce the terms of the Order, even if such enforcement proceedings occur after termination of the Litigation.

Date: ____________________________________________

Home Address: ____________________________________________

City and State Where
Sworn and Signed: ____________________________________________

Printed Name: ____________________________________________

Signature: ____________________________________________